IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Cr. No. 21-1419-JB |
| | ) | |
| vs. | ) | |
| | ) | |
| **JAMESON BEGAYE**, | ) | |
| | ) | |
| Defendant. | ) | |

**UNITED STATES'**
**SENTENCING MEMORANDUM**

The United States respectfully requests this Court accept the parties' plea agreement and sentence Defendant to the low end of the applicable sentencing guidelines, followed by one to three years of supervised release, a $100.00 special penalty assessment, and restitution if requested.

**I.    Factual background**

**A.    The killing**

On March 7, 2021, in Indian Country in Shiprock, Defendant killed K.B. by shooting him in the chest, abdomen, and pelvis. K.B. was shot while attempting to prevent Defendant from forcefully entering the home of Defendant's ex-girlfriend, Kr.B. Defendant fled in his Chevrolet Malibu after the killing. Navajo Nation Police Department officers were unable to locate Defendant that night.

**B.    The high-speed police chase**

On March 8, 2021, a criminal investigator saw Defendant's Malibu outside Shiprock. That investigator approached Defendant to question him. Defendant, however, got back into his car (then being driven by his son) and sped away. A high-speed chase ensued. During the pursuit,

multiple gunshots were fired from Defendant's car toward NPD patrol units. At least one round struck a unit's windshield. Officers saw an object thrown from the window of the Malibu. The Malibu eventually stopped, and Defendant and his two family members were arrested.

On March 9, 2021, investigators searched the roadway near the area police observed something being tossed from the Malibu. Officers located a black Taurus TX .22 caliber pistol (the murder weapon) on the side of the road.

### C.    Police interviews

Police interviewed Defendant's son and the female relative, both of whom were around Defendant during the killing on March 7, 2021. The son stated that Defendant was forced to use his pistol the day he shot K.B. The two also confirmed that Defendant shot from the Malibu during the chase, and that Defendant threw his pistol out the window. The pistol Defendant threw from the car was the same one Defendant used the previous night when he broke into Kr.B.'s residence.

Defendant also gave a post-arrest statement. He indicated he had been drinking on March 7, 2021, and that after dark he drove to Kr.B.'s residence. Upon entering the home, he got into a scuffle with unnamed persons. He denied ever having a handgun on him. He denied shooting anyone at Kr.B.'s residence or during the chase. He claimed he was drunk and high during both incidents.

### D.    This case

This case was initiated by criminal complaint on March 10, 2021. (Doc. 2). Following multiple grand-jury time waivers, Defendant was indicted on September 28, 2021. (Doc. 21). On August 26, 2022, Defendant entered a guilty plea pursuant to Rule 11(c)(1)(B) to the crime of voluntary manslaughter, contrary to 18 U.S.C. §§ 1112 and 1153. (Doc. 46). Defendant therein conceded that he killed K.B. and that his use of deadly force was objectively unreasonable. (*Id*. ¶

8). The parties agreed Defendant would receive up to a three-level guideline reduction for acceptance of responsibility and that the United States would "recommend the low-end of the sentencing guideline range as an appropriate disposition of this case." (*Id*. ¶ 10). Defendant also agreed to forfeit the handgun used in the killing. (*Id*. ¶ 18).

### E.     Pre-sentence report

On January 11, 2023, United States Probation Officer Ana Ortiz y Martinez prepared the Presentence Investigation Report (PSR). (Doc. 50). Ortiz y Martinez noted that Defendant reported no mental-health or emotional issues. (*Id*. ¶ 62). He stated that he had a good childhood, (*id*. ¶ 56), but had a long history of substance abuse, to include alcohol, methamphetamines, marijuana, LSD, cocaine, the use of which has caused him to lose jobs.  (*Id*. ¶ 32).

Officer Ortiz y Martinez calculated the sentencing guidelines as follows (*Id*. ¶¶ 26-35):

| ACTION | NUMBER | REFERENCE / COMMENT |
|---|---|---|
| Base offense level | 29 | U.S.S.G. § 2A1.3(a) |
| Official victim | +6 | *Id*. § 3A1.2(c)(1) |
| Obstruction or impeding the administration of justice | +2 | *Id*. § 3C1.2[1] |
| Acceptance of responsibility | -3 | *Id*. § 3E1.1(a), (b) |
| Total Offense Level | 34 | |
| Criminal History Category | I | PSR (doc. 50) ¶ 40 |
| Advisory Sentencing Range | 151-180 mos. | Decreased upper range by eight months to comply with statutory maximum sentence |

## II.    **Sentencing-guideline calculations**

Defendant has not filed a formal objection to Officer Ortiz y Martinez's recommendation concerning the two multi-level adjustments listed above. Nevertheless, the United States herein discusses why each is arguably appropriate.

---

[1] U.S.S.G. § 3C1.2 is the citation to "Reckless endangerment during flight." This discrepancy is addressed later in this pleading.

A.       **Official victim**

Ortiz y Martinez increased Defendant's base-offense level by six points pursuant to Section 3A1.2(c)(1) because Defendant shot at Navajo Nation Police Department officers during his high-speed flight to avoid capture. (Doc. 50, ¶ 28). As stated above, the day after Defendant killed K.B., he and two family members fled from police in his car, firing up to 18 rounds from that car. (*Id*. ¶ 12). At least one round struck a patrol unit's windshield, and glass fragments from that windshield hit an officer who was merely attempting to effectuate a lawful arrest. (*Id*.). Both of Defendant's family members with him in the car confirmed that he shot a handgun from the fleeing Malibu. (*Id*. ¶¶ 15, 16). Defendant denied firing at police during the chase, but acknowledged being both drunk and high during the chase. (*Id*. ¶¶ 17).

As a threshold matter, Defendant's conduct the day after his killing of K.B. is considered relevant conduct under Section § 1B1.3(a)(1) because his flight from justice was an "act" committed "by the defendant" that "occurred during the commission of the offense of conviction *... or in the course of attempting to avoid detection or responsibility for that offense*." *See United States v. Reyes-Vencomo*, No. CR 11-2563 JB, 2012 WL 2574810, at *7 (D.N.M. June 26, 2012) (unpublished) (emphasis added) (upholding as relevant conduct a defendant's post-crime efforts to resist arrest).

"Section 3A1.2(c)(1) requires proof of an intent to instill fear of bodily harm." *United States v. Gonzales*, 931 F.3d 1219, 1221 (10th Cir. 2019). This is apparent here. Defendant fired multiple gunshots at police cruisers as they gave chase, even striking one. Logically, when a criminal fires a handgun at pursuing officers, he does so to invoke in police a fear that they or a member of the public might be injured, thus incentivizing police to end their chase. *See United States v. Ford*, 613 F.3d 1263, 1269 (10th Cir. 2010) (finding Section § 3A1.2(c)(1) to be

appropriate where a fleeing offender during a manhunt fired a gun 100 feet from officers in a presumed effort to escape capture).

Sufficient evidence supports this adjustment. "The court may rely upon reliable hearsay, so long as the evidence meets the preponderance-of-the-evidence standard…. The evidence and information upon which the court relies, however, must have sufficient indicia of reliability." *United States v. Antonio*, No. CR 15-0776 JB, 2015 WL 5138479, at *5 (D.N.M. Aug. 21, 2015) (unpublished) (citations omitted). The evidence that Defendant assaulted officers comes from Defendant's family members, and from officers who witnessed shooting from Defendant's car. Defendant provides no reason to question the PSR's allegations. *Id.* (overruling a similar unsupported objection). *See also United States v. Fillman*, 325 F. App'x 700, 708 (10th Cir. 2009) (upholding a district court's application of Section 1B1.3(a)(1) when a defendant "brandished a large hunting knife at a police officer, who was in uniform, when he was attempting to flee").

In candor to the Court, the fact that Defendant's violent flight from justice occurred the next day is his best argument against application of this adjustment. For this adjustment to apply, it must be shown that Defendant assaulted officers during "the course of the offense or an *immediate flight* therefrom." U.S.S.G. § 1B1.3(a)(1) (emphasis added).[2] As the Tenth Circuit has said "[e]ven with the guidance of dictionaries and uses of the phrase 'immediate flight' in other legal contexts, we recognize that 'immediate' is a relative term and that applying 'immediate flight' in a particular case is a fact-intensive exercise that requires attention to the broad context of the crime." *United States v. Patton*, 927 F.3d 1087, 1101 (10th Cir. 2019). Upon information and belief, Defendant had no outstanding warrants from which he would be fleeing; his last criminal offense dated back to 2019, two years earlier. In other words, his high-speed chase (within the

---

[2] In the event this Court chooses not to apply this adjustment, it should apply Section 3C1.2 ("Reckless endangerment during flight"), which would increase Defendant's base-offense level by two, rather than six, points.

general vicinity of the original crime) was logically related only to his shooting of K.B. the day before. And police, who spotted Defendant's car the next day because they were looking for just such a vehicle tied to K.B.'s killing, were at that time obviously keenly interested in capturing K.B.'s killer.

### B.    Obstruction of justice

The PSR purports to add two points for obstruction of justice; however, the citation is to Section 3C1.2 (Reckless endangerment during flight), which is presumably unavailable due to the aforementioned six-point adjustment under Section 3A1.2(c)(1). *See* U.S.S.G. § 3C1.2, Application note 1 (instructing the user to "not apply this enhancement where the offense guideline in Chapter Two, or another adjustment in Chapter Three, results in an equivalent or greater increase in offense level solely on the basis of the same conduct").

A two-level upward adjustment for obstructing justice is warranted where one "conceal[s] or direct[s]…another person to…conceal evidence that is material to an official investigation." U.S.S.G. § 3C1.1, Application note 4(D). Defendant here unquestionably obstructed justice when he tossed the handgun used to kill K.B. out of his car during a high-speed chase. That action required officers to scour the area the next day to locate the gun. *See United States v. DeLeon*, 437 F. Supp. 3d 955, 1017 (D.N.M. 2020) (applying this adjustment to a defendant who burned a victim's body and that victim's car to destroy evidence); *United States v. Welbig*, No. CR 14-3347 JB, 2015 WL 2225963, at **27, 33 (D.N.M. May 5, 2015) (unpublished) (refusing to apply this adjustment to an offender who evaded capture for two decades by, among other things, using a variety of aliases; "flight, by itself, does not constitute obstruction").

**III.**    **Conclusion and request for relief**

This Court should honor the parties' agreement, granting Defendant up to a three-level guideline reduction for acceptance of responsibility, and acknowledging the United States' recommendation that the low-end of the sentencing guideline range is appropriate. In addition, the Court should consider adjusting Defendant's base-offense level one of two ways:

1.  Apply U.S.S.G. § 3A1.2(c)(1) ("Official victims," six points) and U.S.S.G. § 3C1.1 ("Obstruction of justice," two points), for a total increase of eight points. This results in a guideline range of 151 to 180 months imprisonment.

2.  In the alternative, this Court should apply U.S.S.G. § 3C1.2 ("Reckless endangerment during flight," two points) and U.S.S.G. § 3C1.1 ("Obstruction of justice," two points), for a total increase of four points. This results in a guideline sentencing range of 97 to 121 months imprisonment.

Respectfully submitted,
**ALEXANDER M.M. UBALLEZ**
United States Attorney

*Electronically filed March 21, 2023*
ZACH JONES
Assistant United States Attorneys
P.O. Box 607
Albuquerque, NM 87103
(505) 346-7274
zachary.jones2@usdoj.gov

**I HEREBY CERTIFY** that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will cause a copy of this filing to be sent to counsel for Defendant, Barry Porter.

*Electronically filed March 21, 2023*
ZACH JONES
Assistant United States Attorney